# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

Michael A. Gral[1],                          Case No. 16-21329-GMH

         Debtor-in-possession             Chapter 11

---

Bielinski Bros. Builders, Inc.

               Plaintiff

                                                  Adversary Proceeding No. _____

v.

Michael A. Gral and Capital Ventures, LLC,

               Defendants.

---

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff Bielinski Bros. Builders, Inc. ("Bielinski"), by its attorneys, Godfrey & Kahn, S.C., as and for its complaint against Defendants Michael A. Gral and Capital Ventures, LLC, alleges and states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 157(b)(1), and 11 U.S.C. §§ 523(a)(2), (4), and (6).

---

[1] The court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Gral Holdings Key Biscayne, LLC*, Case No. 16-21330; and, separately, the court is jointly administering *In re Michael Gral*, Case No. 16-21329 and *In re Capital Ventures, LLC*, Case No. 16-21331. **This pleading relates to *In re Michael Gral*, Case No. 16-21329, and *In re Capital Ventures, LLC*, Case No. 16-21331.**

Drafted by:
Katherine Stadler, Carla Andres, Sean Bosack and Nina Beck
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com; candres@gklaw.com; sbosack@gklaw.com; nbeck@gklaw.com

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409 because this proceeding arises in and relates to a bankruptcy case pending in this district.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## PARTIES

4. Plaintiff Bielinski is a Wisconsin corporation whose principal place of business is located at 1830 Meadow Lane, Suite A, Pewaukee, Wisconsin 53072. Bielinski is one of the twenty largest unsecured creditors of Michael A. Gral and is named as an unsecured creditor on Schedule E/F of Michael A. Gral's March 21, 2016 schedules and statements in *In re Michael Gral*, Case No. 16-21329-gmh.

5. Defendant-Debtor Michael Gral is an adult resident of the State of Wisconsin who resides at 6823 North Barnett Lane, Milwaukee, Wisconsin 53217.

6. Michael Gral is the individual chapter 11 debtor in *In re Michael Gral*, Case. No. 16-21329-gmh.

7. Co-Debtor Capital Ventures, LLC ("Capital Ventures") is a Wisconsin limited liability company, organized under Chapter 183 of the Wisconsin Statutes, with its principal office at 1437 North Prospect Avenue, Suite 100, Milwaukee, Wisconsin 53202.

   a. Capital Ventures was registered with the Wisconsin Department of Financial Institutions on or around July 12, 1994, with Michael Gral as its registered agent and incorporator.

   b. Capital Ventures owns real property located at 429 West Silver Spring Drive, Glendale, Wisconsin.

c. Capital Ventures is wholly owned by the Michael A. Gral and Julia G. Gral Living Trust, with the Law Offices of Donald J. Gral, LLC as its current registered agent.

8. Capital Ventures is the single-asset real estate chapter 11 debtor in *In re Capital Ventures, LLC*, Case No. 16-21331-gmh.

9. Michael Gral is a defendant in the matter *Bielinski Bros. Builders, Inc. v. Michael A. Gral and Donald A. Gral*, Milwaukee County Circuit Court, Case No. 09-CV-18596. As discussed in more detail below, the court issued judgments in Bielinski's favor against Michael Gral and Donald A. Gral, his father. In addition, post-judgment, the court issued a Charging Order in favor of Bielinski directing certain entities to pay to Bielinski and report to the court-appointed Receiver every distribution of any kind made for Michael Gral's benefit.

10. Michael Gral and Capital Ventures are defendants in the matter *Bielinski Bros. Builders, Inc. v. Michael A. Gral et al.*, Milwaukee County Circuit Court, Case No. 13-CV-6699. As discussed below, the court issued a Freeze Order impacting the assets of the debtors and non-debtor defendants. This state court proceeding has been stayed as to Michael Gral and Capital Ventures by operation of the bankruptcy code's automatic stay. However, the Debtors have asserted that the stay applies to all defendants in the Milwaukee County Circuit Court action, debtors and non-debtors alike.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11. This matter arises from Michael Gral's undisputed breach of his fiduciary duties as counsel to and commission of a fraud against his client, Bielinski, and his resulting guilty plea.

12. Michael Gral's undisputed debt to Bielinski arose from his breach of fiduciary duties to and fraud against Bielinski and, thus, is not dischargeable in bankruptcy.

13. At all times relevant to this Adversary Complaint, Michael Gral's fraudulent and willfully malicious conduct evidences his continuing intent to avoid his debt to Bielinski.

**I.     Michael Gral's Fraud Against Bielinski, Felony Criminal Conviction, and Law License Suspension.**

14. From approximately 2000 to 2004, Michael Gral was an attorney at Michael Best & Friedrich and served as Bielinski's outside legal counsel.

15. As Bielinski's legal counsel, Michael Gral owed Bielinski fiduciary duties.

16. During this same four-year period from approximately 2000 to 2004, Michael Gral conspired with Bielinski's former CEO Robert Brownell ("Brownell") and others to perpetrate a fraudulent scheme of which Bielinski was the primary victim.

17. As part of the scheme, Michael Gral submitted fraudulent billings to Bielinski and engaged in transactions with Brownell and others that were adverse to the interests of Bielinski.

18. As a result, on December 14, 2005, the United States Attorney for the Eastern District of Wisconsin issued a one-count indictment against Michael Gral (the "Second Superseding Information"), charging him with mail fraud in violation of 18 U.S.C. § 1341, *United States of America v. Michael A. Gral*, U.S. District Court for the Eastern District of Wisconsin, Case No. 05-CR-13. A copy of the Second Superseding Information is attached hereto as Exhibit A and is incorporated herein by reference.

19. That same day, Michael Gral pled guilty to the mail fraud charge, and expressly "acknowledge[d]… that he is, in fact, guilty of the offense charged in the second superseding

4

Case 16-02182-gmh    Doc 1    Filed 05/10/16    Page 4 of 19

information." A copy of Michael Gral's plea agreement is attached hereto as <u>Exhibit B</u> and is incorporated herein by reference.

20. Michael Gral further admitted in his offer of proof that "[a]s an attorney for the Bielinskis and their businesses, [he] owed a fiduciary duty to the Bielinskis and their businesses, and a duty to provide honest services to them. Defendant Gral's actions…had the effect of knowingly placing his own financial interests ahead of and to the detriment of these clients, and knowingly depriving them of his honest services, causing losses." A copy of Defendant's Offer of Proof is attached hereto as <u>Exhibit C</u> and is incorporated herein by reference.

21. On June 15, 2006, the federal court sentenced Michael Gral to two years imprisonment, to be followed by three years of supervised release.

22. The Supreme Court of Wisconsin also suspended Michael Gral's license to practice law for three years based on his criminal activities as reported in the case *In re Disciplinary Proceedings Against Michael A. Gral*, Case No. 2006-AP-1021-D, 2007 WI 22.

**II.    Michael Gral's Settlement Agreement with Bielinski.**

23. In order to present mitigating factors and to obtain leniency in his federal criminal case, on June 15, 2006—minutes before Michael Gral was sentenced—Bielinski and Michael Gral entered into a Settlement and Release Agreement (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as <u>Exhibit D</u> and is incorporated herein by reference.

24. As part of the Settlement Agreement, Michael Gral agreed to pay to Bielinski $3,200,000 million, plus interest, including restitution in the amount of $1,752,000 and a remaining amount characterized as settlement of civil fraud and breach of fiduciary duties claims

5

that Bielinski could otherwise have asserted against Michael Gral as a result of his participation in the criminal conspiracy.

25. As a material inducement to Bielinski to enter into the Settlement Agreement, Donald A. Gral personally guaranteed Michael Gral's payment obligations to Bielinski. Donald A. Gral also executed an affidavit attesting to his ability to satisfy Michael Gral's payment obligations under the Settlement Agreement and pledging to maintain a net worth that exceeds Michael Gral's current obligations to Bielinski by $500,000.00.

**III.     Michael Gral's Breach of Settlement Agreement.**

26. In April 2008, Michael Gral was released from prison.

27. Pursuant to the Settlement Agreement, on July 1, 2008, Michael Gral paid Bielinski $400,000.

28. Under the Settlement Agreement, Michael Gral was required to make a $600,000 payment to Bielinski on or before July 1, 2009.

29. Michael Gral failed to make the required July 1, 2009 payment.

30. Pursuant to the terms of the Settlement Agreement, Bielinski served Michael Gral with a First Notice of Default on July 2, 2009.

31. When the required payment was not made, pursuant to the terms of the Settlement Agreement, Bielinski served Donald A. Gral with a Second Notice of Default on August 7, 2009.

**IV.     Michael Gral's Law License Reinstatement Proceedings.**

32. On or around March 25, 2009, the Office of Lawyer Regulation received Michael Gral's petition for reinstatement of his law license.

33. On or around April 14, 2009, James J. Winiarski was appointed as Referee in the reinstatement proceeding.

34. On August 18, 2009, Michael Gral testified before the Referee at his reinstatement hearing. Excerpts from Michael Gral's examination transcript are attached hereto as Exhibit E and are incorporated herein by reference.

35. Despite the fact that Michael Gral had defaulted on his payment obligations to Bielinski, Michael Gral testified at his reinstatement hearing that he had substantial real estate assets that he intended to sell and/or refinance in order to pay Bielinski and "honor the obligations" owed under the Settlement Agreement. Exhibit E at 96:2-11.

36. Based in part on Michael Gral's promise to repay Bielinski, on March 9, 2010, the Wisconsin Supreme Court reinstated Michael Gral's law license with conditions. *In the Matter of Disciplinary Proceedings Against Michael A. Gral, Attorney at Law*, Case No. 06-AP-1021-D, 2010 WI 14.

## V. Michael Gral, Donald A. Gral, and Donald J. Gral Actively Conspired to Further Defraud Bielinski, Evade Collection, and Hide Assets.

37. While Michael Gral used the Settlement Agreement as evidence that he would pay his debts to Bielinski to obtain a more lenient prison sentence from the federal court, and to convince the Referee that his law license should be reinstated, he took steps with the assistance of his father and brother to increase his wealth and hide personal real estate investment assets from Bielinski. Indeed, the initial steps occurred in connection with his sentencing, continued throughout his reinstatement proceedings, and continue to this day.

### A. Michael Gral creates four new "Integral" entities upon his prison release.

38. On July 1, 2008—approximately three months after Michael Gral was released from prison and the same day as Michael Gral's last payment to Bielinski—Michael Gral and Donald J. Gral created Integral, LLC, Integral Services, LLC, Integral Management Company, LLC, and Integral Real Estate, LLC.

39. Integral, LLC wholly owns Integral Investments, LLC.

   a. Integral, LLC is equally owned by the Michael A. Gral and Julia G. Gral Living Trust and Donald J. Gral.

40. Integral Services, LLC wholly owns Integral Management Company, LLC and Integral Real Estate, LLC.

   a. Integral Services, LLC is equally owned by the Michael A. Gral and Julia G. Gral Living Trust and Donald J. Gral.

41. Integral Management Company exclusively manages properties owned by members of the Gral family and their legal entities.

42. As a result, Michael Gral has been able to orchestrate a scheme whereby Integral Management Company charges fees to the Gral family companies. Moreover, Michael Gral has signature authority over all of the bank accounts of the Gral family companies for which Integral Management Company manages property.

43. Integral Management Company has collected management fees and "prepaid management fees" from the properties it manages in amounts exceeding $1,000,000. Michael Gral has caused much of that money to be distributed for his own benefit rather than use the funds to satisfy his obligations to Bielinski.

44. Michael Gral and Donald J. Gral created this new Integral entity structure in order to generate funds for Michael Gral after his release from prison.

**B. Michael A. Gral transferred all of his personal and business assets into Trust immediately after defaulting on his payment obligations to Bielinski and during his reinstatement proceedings.**

45. Two days before entering into the Settlement Agreement and attending his sentencing hearing—and unbeknownst to Bielinski—on or about June 13, 2006, Michael Gral

8

and Julia Gral created the Michael A. Gral and Julia G. Gral Living Trust, naming themselves as the sole trustees and beneficiaries.

46. With knowledge of the terms of the Settlement Agreement, guaranty, and Donald A. Gral's affidavit, Donald J. Gral drafted the Michael A. Gral and Julia G. Gral Living Trust instrument.

47. Donald J. Gral also assisted Michael Gral with respect to the transfer of assets between and among various entities owned and controlled, in whole or in part, by Michael Gral, Michael Gral and Donald J. Gral, and/or Michael Gral and Donald A. Gral, including but not limited to the Michael A. Gral and Julia G. Gral Living Trust.

48. Almost immediately after receiving Bielinski's July 2, 2009 Notice of Default, on or about August 1, 2009, Michael Gral assigned to the Michael A. Gral and Julia G. Gral Living Trust all of his business and personal assets (excluding his primary residence), including but not limited to his membership or ownership interest in Capital Ventures and multiple other real estate holding companies and related entities.

49. Shortly thereafter, on or about August 3, 2009, Michael Gral and Julia Gral transferred all of their interest in their primary residence to the Michael A. Gral and Julia G. Gral Living Trust.

50. At his August 18, 2009 reinstatement hearing, Michael Gral did not inform the Referee that he had—15 days earlier—transferred all of his personal and business assets into the Michael A. Gral and Julia G. Gral Living Trust.

51. Michael Gral subsequently testified in supplemental examinations conducted in 2011 and 2012 that he could not repay Bielinski because he was insolvent. Exhibit F at 18-43.

9

Case 16-02182-gmh    Doc 1    Filed 05/10/16    Page 9 of 19

Excerpts from Michael Gral's September 20, 2011 supplemental examination are attached as Exhibit F and are incorporated herein by reference.

52. Michael Gral admitted that he moved his assets into his Trust because he received Bielinski's Notice of Default, and further admitted that he perceived he would "benefit" from assigning all of his assets to the Trust. Exhibit G at 173-176. Excerpts from Michael Gral's November 2, 2011 supplemental examination are attached as Exhibit G and are incorporated herein by reference.

    **C. Behind the veil of numerous entities, Michael Gral participated in the purchase, sale, and refinancing of millions of dollars in real property since entering into the Settlement Agreement with Bielinski.**

53. Contrary to Michael Gral's testimony at his reinstatement hearing, between the date of his sentencing and the present, Michael Gral, Donald A. Gral, and Donald J. Gral, through their real estate holding companies, continued to buy, sell, and refinance real estate in amounts exceeding $10,000,000.

54. In addition, during this same period, Michael Gral (individually, via his Living Trust, or via his ownership interest in Gral-owned entities) received loans, distributions, draws, and/or advances from insiders in amounts exceeding approximately $4,000,000.

55. Despite having access to substantial financial resources, Michael Gral has refused to honor his obligations to Bielinski.

**VI. Bielinski's Collection Action.**

56. On November 24, 2009, Bielinski filed suit in Milwaukee County Circuit Court, Case No. 09-CV-18596, against Michael Gral and Donald A. Gral for breach of contract and breach of guaranty (the "Collection Action").

10

57. Neither Michael Gral nor Donald A. Gral contested liability under the terms of the Settlement Agreement or the personal guaranty.

58. On or about May 24, 2010, Bielinski, Michael Gral, and Donald A. Gral entered into an Addendum to Settlement and Release Agreement (the "Addendum"), effective April 29, 2010, reaffirming the debt owed to Bielinski. A copy of the Addendum is attached hereto as Exhibit H and is incorporated herein by reference.

59. On or about May 21, 2010, Donald A. Gral executed a Revised Guaranty, in consideration of the Addendum, reaffirming the debt to Bielinski.

60. Michael Gral failed to perform his obligations under the Addendum.

61. Donald A. Gral failed to perform his obligations under the Addendum or the Revised Guaranty.

62. On July 9, 2010, the Milwaukee County Circuit Court entered judgment in the Collection Action against Donald A. Gral in the amount of $568,245.66. That judgment was docketed the same day.

63. On July 9, 2010, the Milwaukee County Circuit Court entered judgment in the Collection Action against Michael Gral in the amount of $577,286.76. That judgment was docketed the same day.

64. On September 21, 2010, the Milwaukee County Circuit Court entered an amended judgment in the Collection Action against Michael Gral in the amount of $1,748,787.26. That amended judgment was docketed the same day.

65. On February 27, 2012, Milwaukee County Court Commissioner Benjamin Wagner appointed Michael Polsky as Supplementary Receiver to aid in the execution of the judgments entered against Michael Gral and Donald A. Gral.

66. To date, Michael Gral's obligations to Bielinski under the Settlement Agreement and Addendum remain unperformed, and Collection Action judgment remains unsatisfied.

67. On September 26, 2014, Bielinski obtained a Charging Order pursuant to Wis. Stat. § 183.0705 against thirteen entities owned by Michael Gral, Donald A. Gral, and/or Donald J. Gral, including Capital Ventures. A copy of the Charging Order was previously filed as Exhibit E to the Affidavit of Nina Beck filed on February 26, 2016 in Case No. 16-21329-gmh [Dkt. 18] (the "Beck Affidavit") and is incorporated herein by reference.

68. To date, Bielinski has received no distributions pursuant to the Charging Order.

## VII. Bielinski's Fraudulent Transfer Action.

69. On July 30, 2013, Bielinski commenced an action in Milwaukee County Circuit Court, Case No. 13-CV-6699, alleging fraudulent transfer and conspiracy claims against Michael Gral (the "Fraudulent Transfer Action").

70. On December 12, 2013, Bielinski filed its First Amended Complaint in the Fraudulent Transfer Action.

71. On April 13, 2015, Bielinski filed its Second Amended Complaint in the Fraudulent Transfer Action, alleging fraudulent transfer, corporate veil piercing, alter ego, and conspiracy claims against 33 defendants.[2] A copy of the Second Amended Complaint, along with certain exhibits, was previously filed as Exhibit C to the Beck Affidavit and is incorporated herein by reference.

---

[2] In addition to Donald A. Gral and Donald J. Gral, the defendants consist of entities owned by Michael Gral and Gral family members for which Integral Management Company "manages" property and for which Michael Gral controls the checkbooks.

12

72. Michael Gral and Capital Ventures are defendants in the Fraudulent Transfer Action.

73. On July 27, 2015, the Court issued an oral order freezing the assets of all defendants in the Fraudulent Transfer Action. Subsequently, on August 18, 2015, the Court entered a written order consistent with its July 27 oral order. A copy of the Freeze Order was previously attached as Exhibit J to the Beck Affidavit and is incorporated herein by reference.

74. On November 16, 2015, the Court issued a permanent order freezing the assets of all defendants (except for Defendant CWD Equity, LLC). A copy of the permanent Freeze Order was previously attached as Exhibit L to the Beck Affidavit and is incorporated herein by reference.

75. Also on November 16, 2015, Bielinski filed its Motion for Partial Summary Judgment on its fraudulent transfer, alter ego, veil piercing, and conspiracy claims against Michael Gral and Capital Ventures, among other defendants.

76. Then, on January 24, 2016, the Special Master, the Honorable Michael J. Skwierawski, found that Michael Gral engaged in numerous financial transactions to enrich himself that violated the Charging Order and Freeze Order. As a result, the Special Master recommended that the state court hold him in contempt. A copy of the Special Master's Findings and Remedial Sanctions was previously attached as Exhibit N to the Beck Affidavit and is incorporated herein by reference.

77. A hearing on Bielinski's Motion for Partial Summary Judgment was scheduled to be heard by the state court on February 24, 2016.

78. A decision by the state court on the Special Master's contempt finding and recommendation was also pending.

13

Case 16-02182-gmh    Doc 1    Filed 05/10/16    Page 13 of 19

## VIII. The Bankruptcy Actions.

79. The instant bankruptcy petitions were filed on February 20, 2016.

80. According to the Debtors' filings in this Court, since at least March 2010—and during the pendency of Michael Gral's reinstatement proceedings—Attorney John Goodman has been "involved in assisting Mr. Gral in connection with his problems with the Bielinski Bros. Builders." *In re Michael A. Gral*, U.S. Bankruptcy Court for the Eastern District of Wisconsin, Case No. 16-21329-gmh [Dkt. 89, ¶ 3].

81. On February 20, 2016 (the "Petition Date"), the automatic stay went into effect in the Fraudulent Transfer Action as to Debtors Michael Gral and Capital Ventures, LLC as a result of their respective filings for relief under chapter 11 of the Bankruptcy Code.

82. In this bankruptcy proceeding, Debtor Michael Gral has acknowledged that he owes a debt to Bielinski and has scheduled that debt in the amount of $1,748,787.00, exclusive of interest and attorneys' fees.

83. Bielinski has filed proof of claim numbers 10 and 2 in the Michael Gral and Capital Ventures bankruptcy cases, respectively.

## COUNT I – WILLFUL AND MALICIOUS INJURY BY THE DEBTOR TO ANOTHER ENTITY OR TO THE PROPERTY OF ANOTHER ENTITY, 11 U.S.C. § 523(a)(6)

84. Bielinski realleges and incorporates by reference each and every one of the foregoing paragraphs as if fully set forth herein.

85. From approximately 2000 to 2004, Michael Gral served as Bielinski's outside legal counsel.

14

86. During this same four-year period from approximately 2000 to 2004, Michael Gral submitted fraudulent billings to Bielinski and engaged in transactions with Brownell and others that were adverse to the interests of Bielinski.

87. Michael Gral knowingly and with intent to defraud, participated in a scheme and artifice to defraud and deprive Bielinski of the intangible right to honest services and had the effect of placing Michael Gral's own financial interests ahead of and to the detriment of Bielinski's interests and causing losses to Bielinski.

88. Michael Gral's aforementioned conduct was willful and malicious.

89. Michael Gral's willful and malicious conduct injured Bielinski.

90. On December 14, 2005, Michael Gral pled guilty to mail fraud in violation of 18 U.S.C. § 1341, arising out of his fraudulent billings to Bielinski, and expressly acknowledged his guilt.

91. As part of his own offer of proof, Michael Gral further admitted that "[a]s an attorney for the Bielinskis and their businesses, [he] owed a fiduciary duty to the Bielinskis and their businesses, and a duty to provide honest services to them. Defendant Gral's actions…had the effect of knowingly placing his own financial interests ahead of and to the detriment of these clients, and knowingly depriving them of his honest services, causing losses."

92. Since being released from prison, Michael Gral conspired with Donald A. Gral and Donald J. Gral to avoid paying his debt obligations to Bielinski and prevent Bielinski from collecting on its judgments against Michael Gral and Donald A. Gral.

93. Michael Gral's aforementioned conduct (which continues to this day) was and is willful and malicious.

94. As a result of Michael Gral's willful and malicious actions against Bielinski, Michael Gral's debt to Bielinski is non-dischargeable.

## COUNT II – FRAUD, LARCENY, EMBEZZLEMENT, OR DEFALCATION WHILE ACTING IN FIDUCIARY CAPACITY, 11 U.S.C. § 523(a)(4)

95. Bielinski realleges and incorporates by reference each and every one of the foregoing paragraphs as if fully set forth herein.

96. From approximately 2000 to 2004, Michael Gral served as Bielinski's outside legal counsel and, thus, owed Bielinski fiduciary duties.

97. During this same four-year period from approximately 2000 to 2004, Michael Gral committed actual fraud, larceny, and/or embezzlement by submitting fraudulent billings to Bielinski and engaging in transactions with Brownell and others that were adverse to the interests of Bielinski while personally benefitting from funds that Michael Gral wrongfully-obtained from Bielinski.

98. Michael Gral knowingly and with intent to defraud, participated in a scheme and artifice to defraud and deprive Bielinski of the intangible right to honest services that had the effect of placing Michael Gral's own financial interests ahead of and to the detriment of Bielinski's interests and causing losses to Bielinski.

99. Michael Gral's fraudulent billings to Bielinski and the accompanying conduct constitute fraud, larceny, embezzlement, and/or defalcation while acting in a fiduciary capacity.

100. On December 14, 2005, Michael Gral pled guilty to mail fraud in violation of 18 U.S.C. § 1341, arising out of his fraudulent billings to Bielinski, and expressly acknowledged his guilt.

101. As part of his own offer of proof, Michael Gral further admitted that "[a]s an attorney for the Bielinskis and their businesses, [he] owed a fiduciary duty to the Bielinskis and their businesses, and a duty to provide honest services to them. Defendant Gral's actions…had the effect of knowingly placing his own financial interests ahead of and to the detriment of these clients, and knowingly depriving them of his honest services, causing losses."

102. Bielinski has been harmed by Michael Gral's fraudulent actions and/or defalcation in a fiduciary capacity and, as a result of that fraud and defalcation, Michael Gral's debt to Bielinski is non-dischargeable.

**COUNT III – FOR MONEY OR PROPERTY OBTAINED BY FALSE PRETENSES, A FALSE REPRESENTATION, OR ACTUAL FRAUD, 11 U.S.C. § 523(a)(2)**

103. Bielinski realleges and incorporates by reference each and every one of the foregoing paragraphs as if fully set forth herein.

104. From approximately 2000 to 2004, Michael Gral served as Bielinski's outside legal counsel.

105. During this same four-year period from approximately 2000 to 2004, Michael Gral submitted fraudulent billings to Bielinski and engaged in transactions with Brownell and others that were adverse to the interests of Bielinski.

106. Bielinski paid the fraudulently submitted bills and was otherwise damaged by Michael Gral's fraudulent conduct.

107. Michael Gral obtained money or property from Bielinski through false pretenses, false representations, and/or actual fraud.

108. Michael Gral knowingly and with intent to defraud, participated in a scheme and artifice to defraud and deprive Bielinski of the intangible right to honest services that had the

17

effect of placing Michael Gral's own financial interests ahead of and to the detriment of Bielinski's interests and causing losses to Bielinski.

109.  Michael Gral's fraudulent conduct injured Bielinski.

110.  On December 14, 2005, Michael Gral pled guilty to mail fraud in violation of 18 U.S.C. § 1341, arising out of his fraudulent billings to Bielinski, and expressly acknowledged his guilt.

111.  As part of his own offer of proof, Michael Gral further admitted that "[a]s an attorney for the Bielinskis and their businesses, [he] owed a fiduciary duty to the Bielinskis and their businesses, and a duty to provide honest services to them. Defendant Gral's actions…had the effect of knowingly placing his own financial interests ahead of and to the detriment of these clients, and knowingly depriving them of his honest services, causing losses."

112.  Bielinski has been harmed by Michael Gral's actual fraud and, as a result of that fraud, Michael Gral's debt to Bielinski is non-dischargeable.

## RELIEF REQUESTED

WHEREFORE, Bielinski respectfully requests:

A. A judgment order that the debt owed by Debtors to Bielinski is not dischargeable or discharged, and may be satisfied from Debtors' property;

B. A judgment or order awarding Bielinski's costs, fees, disbursements, and interest as permitted by law; and

C. All other such relief as the Court deems just.

Dated this 10th day of May, 2016.

                                      GODFREY & KAHN, S.C.

                                      */s/ Sean O'D. Bosack*
                                      Katherine Stadler (State Bar No. 1030775)
                                      Carla O. Andres (State Bar No. 1020997)
                                      Sean O'D. Bosack (State Bar No. 1029661)
                                      Nina Beck (State Bar No. 1079460)

                                      *Attorneys for Bielinski Bros. Builders, Inc.*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com; candres@gklaw.com; sbosack@gklaw.com; nbeck@gklaw.com
15516704.5